IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY E. KOCHER, | : |
| | : |
| Plaintiff, | :   CIVIL NO. 1:11-CV-1000 |
| | : |
| v. | :   Hon. John E. Jones III |
| | : |
| LUZERNE COUNTY | : |
| CORRECTIONAL FACILITY, *et al.* | : |
| | : |
| Defendants. | : |

## **MEMORANDUM**

June 20, 2011

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Stanley E. Kocher ("Plaintiff" or "Kocher"), an inmate presently confined at the Luzerne County Correctional Facility in Wilkes Barre, Pennsylvania, initiated the above action *pro se* by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) He also has filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2), and therefore, the Complaint presently is before the Court for screening under the provisions of 28 U.S.C. § 1915. For the reasons set forth below, the request for *in forma pauperis* status will be granted for the sole purpose of filing the Complaint, and the Complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

In his Complaint, filed on May 25, 2011, Kocher names the Luzerne County Correctional Facility and Correctional Officer Wolfe as Defendants. (Doc. 1 at 2 § III.)  He alleges that, on May 11, 2011 at 8:10 a.m., he was working in Unit L-2 when another inmate spit on him. (*Id.* § IV ¶ 1.)  Kocher went to Correctional Officer Wolfe and asked if there was some place that he could wash. (*Id.* ¶¶ 1-2.)  Wolfe and another correctional officer Kocher does not know asked if Kocher would like to go to the Nurse's Office, and he indicated that he would. (*Id.* ¶ 2.)

When he was at the Nurse's Office, Kocher asked the nurses who were working if the inmate who spit on him had any medical problems, such as HIV, AIDS, Hepatitis C, *et cetera*. (*Id.* ¶ 3.)  The nurses stated that they could not give out that information. (*Id.*)

Kocher then alleges that he is not allowed to work in the L-2 lock up area now and that he sits and worries that he might have HIV "because a lot of people say he does." (*Id.* at 3 ¶ 4.)  Kocher also states that he feels he is being punished and that he has been losing sleep and even got on medication. (*Id.*)  He further explains that he does not understand how a staff member correctional officer could press charges for simple assault, but he is not even being asked. (*Id.*)  He states, "I fe[e]l my right[s] have been violated some how." (*Id.*)

2

As relief, Kocher requests that charges be brought against this inmate and explains that he would like to be compensated for pain and suffering and for money for his court fees. (*Id.* at 4 § V.) He also states that he would like to have the prison system know that even though he is a prisoner, he is human. (*Id.*)

## I.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal*, - - - U.S. - - - - , 129 S.Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## II. DISCUSSION

Preliminarily, we observe that it is apparent from the face of the Complaint that Kocher failed to exhaust administrative remedies before initiating this action. He states at the outset of his Complaint that he has not filed a grievance concerning the facts relating to his Complaint because he "felt that it would do no good and it is hard just to have one given to you." (Doc. 1 at 1 § II.) The Prison Litigation Reform Act ("PLRA") requires inmates to present their claims through an administrative grievance

4

process before filing suit in federal court. Specifically, section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to **all** inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (emphasis added).

"'[I]t is beyond the power of this court- or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.'" *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis,* 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo,* 548 U.S. 81, 92 (2006).

Failure to exhaust administrative remedies is an affirmative defense to be raised by a defendant, and therefore, the burden is on a defendant to plead and prove it. *See*

*Ray v. Kertes*, 285 F.2d 287, 295 (3d Cir. 2002). Moreover, because the defense can be waived, it may not provide grounds for the dismissal of the instant Complaint on screening.[1] *See id.* Accordingly, we shall turn to a consideration of the allegations contained in Kocher's Complaint.

In beginning our screening process, we observe that the Luzerne County Correctional Facility is not a proper Defendant in this § 1983 action. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). A prison is not a "person" within the meaning of 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70 (1989); *Phippen v. Nish*, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1971)). Consequently, Kocher cannot state a claim upon which relief may be granted against the Luzerne County Correctional Facility, and the dismissal of his claims against this

---

[1] On a related note, with regard to Kocher's general allegation within his Complaint that he feels that his rights have been violated somehow in that he has not been asked whether he wants to seek to press charges against the inmate who spit on him (*see* Doc. 1 at 3 ¶ 4), we observe that, to the extent that Kocher wished to voice a request that criminal charges be filed against the inmate, he could have presented such a request in a prison grievance. The filing of a civil rights action is not the appropriate method to request the filing of criminal charges.

Defendant with prejudice is therefore appropriate.

Turning to Kocher's claim against the remaining Defendant, Correctional Officer Wolfe, we find that Kocher fails to state a claim upon which relief may be granted against this Defendant. Kocher alleges that he was spit on by another inmate while he was working and that, when he asked Defendant Wolfe if there was somewhere that he could wash up, Wolfe and another correctional officer offered him the opportunity to go to the Nurse's Office, which he accepted. (*See* Doc. 1 at 2 § IV ¶¶ 1-2.) We construe Kocher's claim against Wolfe as an Eighth Amendment failure to protect claim. Prison officials and employees may be held liable if they are deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To state an Eighth Amendment failure to protect claim upon which relief may be granted, Kocher must allege "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hamilton v. Leavy*, 117 F.3d 742, 747 (3d Cir. 1997).

Kocher has not alleged facts from which it can reasonably be inferred that he was subjected to a substantial risk of serious harm. His allegation that he was spit on, without more, cannot reasonably be perceived as presenting a substantial risk of serious harm. He merely speculates that the inmate who spit on him *may* have

exposed him to a risk of harm *if* he has a contagious disease.  More significantly, Kocher has not alleged facts from which it can reasonably be inferred that Defendant Wolfe was aware of a substantial risk of serious harm to him or that he was deliberately indifferent to such a risk.  In particular, Kocher's allegation that Defendant Wolfe offered him help after he was spit on by sending him to the Nurse's Office does not suggest deliberate indifference on his part.  As a result, Kocher fails to state an Eighth Amendment failure to protect claim against Defendant Wolfe.  Further, where Kocher has admitted that Wolfe's role in the incident that forms the basis for his Complaint was limited to offering Kocher help after the incident, no amendment to his allegations would enable him to state a claim against Defendant Wolfe.  Thus, amendment would be futile, and dismissal of Kocher's Complaint will be with prejudice.  *Alston*, 363 F.3d at 235; *Grayson*, 293 F.3d at 108.  An appropriate Order will enter.